IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| GENE THROWER, | ) | CASE NO.: 2:25-cv-01272-ALM-KAJ |
| | ) | |
| Plaintiff, | ) | JUDGE ALGENON L. MARBLEY |
| | ) | |
| vs. | ) | MAGISTRATE JUDGE KIMBERLY A. |
| | ) | JOLSON |
| B SIMONE BEAUTY LLC, | ) | |
| | ) | |
| Defendant. | ) | |

**ANSWER OF DEFENDANT B SIMONE BEAUTY LLC
TO PLAINTIFF'S CLASS ACTION COMPLAINT**

COMES NOW Defendant B Simone Beauty LLC ("Defendant") and for its Answer to Plaintiff's Class Action Complaint [Doc #: 1], alleges and states as follows:

**Nature of this Action**

1. Defendant acknowledges that Plaintiff is asserting a claim under the Telephone Consumer Protection in this litigation. Defendant disputes Plaintiff's claims.

2. Denied.

**Jurisdiction and Venue**

3. Defendant does not dispute this Court has subject matter jurisdiction over this matter.

4. Defendant does not dispute that venue is proper in this matter.

5. Defendant lacks sufficient knowledge or information to admit or deny the allegations contained within Paragraph 5 of the Complaint and therefore denies the same.

1

## Parties

6. Defendant lacks sufficient knowledge or information to admit or deny the allegations contained within Paragraph 6 of the Complaint and therefore denies the same.

7. Defendant lacks sufficient knowledge or information to admit or deny the allegations contained within Paragraph 7 of the Complaint and therefore denies the same.

8. Defendant admits that it is a Georgia limited liability company. Defendant lacks sufficient knowledge or information to admit or deny the remaining allegations because it is unclear what Plaintiff is alleging.

9. Defendant lacks sufficient knowledge or information to admit or deny the allegations contained within Paragraph 9 of the Complaint and therefore denies the same.

## Factual Allegations

10. Defendant lacks sufficient knowledge or information to admit or deny the allegations contained within Paragraph 10 of the Complaint and therefore denies the same.

11. Defendant lacks sufficient knowledge or information to admit or deny the allegations contained within Paragraph 11 of the Complaint and therefore denies the same.

12. Defendant lacks sufficient knowledge or information to admit or deny the allegations contained within Paragraph 12 of the Complaint and therefore denies the same.

13. Defendant lacks sufficient knowledge or information to admit or deny the allegations contained within Paragraph 13 of the Complaint and therefore denies the same.

14. Defendant lacks sufficient knowledge or information to admit or deny the allegations contained within Paragraph 14 of the Complaint and therefore denies the same.

15. Defendant lacks sufficient knowledge or information to admit or deny the allegations contained within Paragraph 15 of the Complaint and therefore denies the same.

16. Defendant lacks sufficient knowledge or information to admit or deny the allegations contained within Paragraph 16 of the Complaint and therefore denies the same.

17. Defendant lacks sufficient knowledge or information to admit or deny the allegations contained within Paragraph 17 of the Complaint and therefore denies the same.

18. Defendant lacks sufficient knowledge or information to admit or deny the allegations contained within Paragraph 18 of the Complaint and therefore denies the same.

19. Defendant lacks sufficient knowledge or information to admit or deny the allegations contained within Paragraph 19 of the Complaint and therefore denies the same.

20. Defendant lacks sufficient knowledge or information to admit or deny the allegations contained within Paragraph 20 of the Complaint and therefore denies the same.

21. Defendant lacks sufficient knowledge or information to admit or deny the allegations contained within Paragraph 21 of the Complaint and therefore denies the same.

22. Defendant admits sending text messages during September and October 2025 for the purpose of advertising and marketing Defendant's business or services. Defendant lacks knowledge or information sufficient to admit or deny the remaining allegations contained in paragraph 22 of the Complaint and therefore denies those allegations.

23. Defendant lacks sufficient knowledge or information to admit or deny the allegations contained within Paragraph 23 of the Complaint and therefore denies the same.

24. Defendant lacks sufficient knowledge or information to admit or deny the allegations contained within Paragraph 24 of the Complaint and therefore denies the same.

25. Defendant lacks sufficient knowledge or information to admit or deny the allegations contained within Paragraph 25 of the Complaint and therefore denies the same.

26. Defendant lacks sufficient knowledge or information to admit or deny the allegations contained within Paragraph 26 of the Complaint and therefore denies the same.

## Class Action Allegations

27. The allegations contained within Paragraph 27 of the Complaint assert legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations.

28. The allegations contained within Paragraph 28 of the Complaint assert legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations.

29. The allegations contained within Paragraph 29 of the Complaint assert legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations.

30. The allegations contained within Paragraph 30 of the Complaint assert legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations.

31. The allegations contained within Paragraph 31 of the Complaint assert legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations.

32. The allegations contained within Paragraph 32 of the Complaint assert legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations.

33. The allegations contained within Paragraph 33 of the Complaint assert legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations.

34. The allegations contained within Paragraph 34 of the Complaint assert legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations.

35. The allegations contained within Paragraph 35 of the Complaint assert legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations.

36. The allegations contained within Paragraph 36 of the Complaint assert legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations.

37. The allegations contained within Paragraph 37 of the Complaint assert legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations.

38. The allegations contained within Paragraph 38 of the Complaint assert legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations.

39. The allegations contained within Paragraph 39 of the Complaint assert legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations.

40. The allegations contained within Paragraph 40 of the Complaint assert legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations.

41. The allegations contained within Paragraph 41 of the Complaint assert legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations.

42. The allegations contained within Paragraph 42 of the Complaint assert legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations.

43. The allegations contained within Paragraph 43 of the Complaint assert legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations.

44. The allegations contained within Paragraph 44 of the Complaint assert legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations.

45. The allegations contained within Paragraph 45 and subparts (a) through (d) of the Complaint assert legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations.

46. The allegations contained within Paragraph 46 of the Complaint assert legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations.

47. The allegations contained within Paragraph 47 of the Complaint assert legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations.

48. The allegations contained within Paragraph 48 of the Complaint assert legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations.

49. The allegations contained within Paragraph 49 of the Complaint assert legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations.

50. The allegations contained within Paragraph 50 of the Complaint assert legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations.

51. The allegations contained within Paragraph 51 of the Complaint assert legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations.

52. The allegations contained within Paragraph 52 of the Complaint assert legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations.

53. The allegations contained within Paragraph 53 of the Complaint assert legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations.

54. The allegations contained within Paragraph 54 of the Complaint assert legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations.

## Count I
### Violation of 47 U.S.C. § 227(c)(5)

55. Defendant adopts and incorporates its answers to the preceding allegations stated in the Complaint.

56. The allegations contained within Paragraph 56 of the Complaint assert legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations.

57. The allegations contained within Paragraph 57 of the Complaint assert legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations.

58. The allegations contained within Paragraph 58 of the Complaint assert legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations.

59. The allegations contained within Paragraph 59 of the Complaint assert legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations.

60. The allegations contained within Paragraph 60 of the Complaint assert legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations.

61. The allegations contained within Paragraph 61 of the Complaint assert legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations.

62. The allegations contained within Paragraph 62 of the Complaint assert legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations.

63. The allegations contained within Paragraph 63 of the Complaint assert legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations.

**Prayer for Relief**

Defendant generally denies Plaintiff's allegations and further denies that Plaintiff is entitled to the relief requested in subparts (a) through (j).

**Affirmative Defenses**

By way of affirmative defenses, Defendant alleges and asserts the following affirmative defenses. This case is at its infancy and Defendant reserves the right to amend these defenses as discovery progresses:

1) Plaintiff fails to state a claim upon which relief can be granted.

2) Plaintiff's claimed damages were caused in whole or in part by Plaintiff and/or third parties over which Defendant has no control.

3) No act or omission on the part of Defendant was the proximate cause of Plaintiff's alleged damages.

4) Defendant specifically denies that class certification is necessary and appropriate in this matter. Defendant further denies that Plaintiff can satisfy the requisite elements necessary

for class certification because, among other reasons, questions of fact relating to each individual putative class member predominate over the questions relating to the class

5) The Telephone Consumer Protection Act provides for statutory damages, which would constitute an excessive fine or penalty without the substantive or procedural safeguards guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution.

6) To the extent Plaintiff and members of the proposed class have not paid money, lost title to goods of value, suffered any other concreted or particularized harm, or is not in the zone of interests protected by the TCPA as a result of the conduct alleged, Plaintiff and members of the proposed class lack standing to bring this suit under Article III of the United States Constitution.

7) Plaintiff failed to mitigate his damages.

8) Plaintiff is estopped from asserting his claims.

9) Defendant obtained prior express consent to communicate with the telephone number at issue.

10) Plaintiff did not properly revoke consent to Defendant communicating with Plaintiff's telephone number.

11) Plaintiff's telephone number was reassigned to the Plaintiff and Defendant did not have knowledge that the telephone number was no longer associated with the previous consenting party.

Respectfully submitted,

/s/ *Kelly C. Bokoch*
Ian H. Frank (0066638)
Kelly C. Bokoch (0086525)
FRANTZ WARD LLP
200 Public Square
Suite 3000

       Cleveland, Ohio 44114
       ifrank@frantzward.com
       kbokoch@frantzward.com

       <u>- and -</u>
       Cody J. Cooper, (31025)
       Amelia H. Marquis (35384)
       PHILLIPS MURRAH P.C.
       424 NW 10th Street, Suite 300
       Oklahoma City, OK 73103
       cjcooper@phillipsmurrah.com
       ahmarquis@phillipsmurrah.com
       **Applications for Pro Hac Vice to be submitted**

       *Attorneys for Defendant B Simone Beauty LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on February 2, 2026, a copy of the foregoing **Answer of Defendant B Simone Beauty LLC to Plaintiff's Class Action Complaint** was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. mail. Parties may access this filing through the Court's system.

       */s/ Kelly C. Bokoch*
       Kelly C. Bokoch
       *One of the Attorneys for Defendant*
       *B Simone Beauty LLC*