**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**GENE THROWER,**

    **Plaintiff,**

  v.                                     **Civil Action 2:25-cv-1272
Judge Algenon L. Marbley
Magistrate Judge Kimberly A. Jolson**

**B SIMONE BEAUTY LLC,**

    **Defendant.**

## SCHEDULING ORDER

Based upon the Parties' Report pursuant to Rule 26(f) of the Federal Rules of Civil Procedure (Doc. 13), the Court **VACATES** the Preliminary Pretrial Conference set for February 5, 2026 (Doc. 9), and **ADOPTS** the following schedule:

INITIAL DISCLOSURES

The parties shall exchange initial disclosures by February 18, 2026.

VENUE AND JURISDICTION

There are no contested issues related to venue or jurisdiction at this time.

PARTIES AND PLEADINGS

Any motion to amend the pleadings or to join additional parties shall be filed by April 13, 2026.

ISSUES

The Plaintiff has alleged that, likely due to the Defendant's failure to utilize the FCC's Reassigned Number Database, the Defendant has sent telemarketing text messages to individuals who have no relationship with the Defendant.  Defendant allegedly delivered text messages to telephone number (614) 900-XXXX in 2025, including in September and October of 2025.  Due to the *en masse* nature of the campaign, the Plaintiff is pursuing this matter on behalf of the following putative class:  All persons throughout the United States (1) who did not provide their telephone number to B Simone Beauty LLC, (2) to whom B Simone Beauty LLC delivered, or caused to be delivered, more than one voice message or text message within a 12-month period, promoting B Simone

Beauty LLC goods or services, (3) where the person's residential or cellular telephone number had been registered with the National Do Not Call Registry for at least thirty days before B Simone Beauty LLC delivered, or caused to be delivered, at least two of the voice messages or text messages within the 12-month period, (4) within four years preceding the date of this complaint and through the date of class certification.

Defendant denies Plaintiff's allegations and denies that class certification is appropriate.

There is a jury demand.

DISCOVERY PROCEDURES

All discovery shall be completed by December 1, 2026. For purposes of complying with this order, all parties shall schedule their discovery in such a way as to require all responses to discovery to be served prior to the cut-off date and shall file any motions relating to discovery within the discovery period unless it is impossible or impractical to do so. If the parties are unable to reach an agreement on any matter related to discovery, they are directed to arrange a conference with the Court. To initiate a telephone conference, counsel are directed to join together on one line and then call the Magistrate Judge's chambers or provide the Court with a call-in number.

The parties agree to the PDF production of most documents in the case, but any calling data shall be produced in its native form.

Any proposed protective order or clawback agreement shall be filed with the Court by March 2, 2026. A Word version of the proposed protective order should be sent to jolson_chambers@ohsd.uscourts.gov, and any provision related to sealing must comply with S.D. Ohio Civ. R. 5.2.1.

DISPOSITIVE MOTIONS

Dispositive motions shall be filed by March 5, 2027.

EXPERT TESTIMONY

Primary expert reports shall be produced by August 5, 2026. Rebuttal expert reports shall be produced by September 4, 2026. If the expert is specifically retained, the reports must conform to Fed. R. Civ. P. 26(a)(2)(B), unless otherwise agreed to by the parties. If the expert is not specifically retained, the reports must conform to Fed. R. Civ. P. 26(a)(2)(C), unless otherwise agreed to by the parties. Under Fed. R. Civ. P. 26(b)(4)(A), leave of court is not required to depose a testifying expert.

SETTLEMENT

Plaintiff will make a settlement demand by August 6, 2026. Defendant will respond by within 30 days of receipt of Plaintiff's settlement demand. The parties agree to make a good faith effort to settle this case. The parties understand that this case will be referred to an attorney mediator

for a settlement conference in October 2026.  In order for the conference to be meaningful, the parties agree to complete all discovery that may affect their ability to evaluate this case prior to the settlement conference.  The parties understand that they will be expected to comply fully with the settlement order which requires *inter alia* that settlement demands and offers be exchanged prior to the conference and that principals of the parties attend the conference.

OTHER MATTERS

None.

If the foregoing does not accurately record the parties' agreements, counsel will please immediately make their objection in writing.  If any date set in this order falls on a Saturday, Sunday, or legal holiday, the date is automatically deemed to be the next regular business day.

IT IS SO ORDERED.


Date:  February 3, 2026                               /s/ Kimberly A. Jolson
                                                     KIMBERLY A. JOLSON
                                                     UNITED STATES MAGISTRATE JUDGE